## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AARON HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-1259-HLT-BGS |
| | ) | |
| LORI L. YOCKERS d/b/a HEARING | ) | |
| OFFICER/PRO TEM JUDGE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON MOTION TO PROCEED
## IN FORMA PAUPERIS and
## <u>REPORT & RECOMMENDATION FOR DISMISSAL</u>

In conjunction with his federal court Complaint,[1] Plaintiff filed a Motion to Proceed

Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial

affidavit (Docs. 2, 2-1, sealed).  For the reasons set forth herein, Plaintiff's IFP application (Doc. 2-

1) is **GRANTED**.  The undersigned Magistrate Judge also **recommends** to the District Court that

Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failing to state a viable federal cause of action.

### I.      Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action

"without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the

---

[1]  The Court notes that Plaintiff has filed a virtually identical action, with virtually the same allegations in that Complaint. (*Compare* Case No. 23-1258-HLT-BGS, Doc. 1 *with* Case No. 23-1259-HTL-BGS.)  Case No. 23-1258 names all of the same Defendants listed herein except for Natasha Newman, named as an individual Defendant herein, and Elizabeth Neal, named as an individual Defendant in 23-1258.  Although Plaintiff's claims and allegations are difficult to discern, as discussed below, the Court surmises that these two Complaints relate to child custody matters involving different children fathered by Plaintiff with different mothers.  (*See* Doc. 1, at pg. 7, referring to Ms. Neal, a named in Defendant in 23-1258, as "a Mother to one of my children on a different case" who is alleged to have signed for service made on Plaintiff.)  The other differences in the Complaints consist of a paragraph on page 6 of each Complaint (relating to personal service rather than service via certified mail), a paragraph on page 7 in case 23-1258 (stating that Ms. Yockers indicated an oral argument would not be of assistance), and alleged statements by Ms. Yockers (relating to Plaintiff having appeared in court in May 2011 (Case No. 23-1258) and February 2011 (Case No. 23-1259)).  These differences are not substantive.

person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in his Motion and Affidavit of Financial Status, the Court finds that Plaintiff has shown an inability to pay the filing fee. Thus, the Court **GRANTS** his motion to proceed without prepayment of fees (Doc. 2-1). Based on the remainder of this Order, however, the Clerk is <u>not</u> directed to issue summons for service upon the Defendant at this time.

## II.  Sufficiency of Claims.

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d

3

at 1110.  "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff."  *Olson v. Carmack*, 641 F.App'x. 822, 825 (10th Cir. 2016).  "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ."  *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer.  *Monroe v. Owens*, 38 F.App'x 510, 515 (10th Cir. 2002).  Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).  After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The exact nature of Plaintiff's claims are difficult to ascertain.  Plaintiff cites a variety of legal authority, including the Kansas Constitution, the United States Constitution, federal regulations, Kansas statutes, United States Supreme Court decisions, Kansas Supreme Court decisions, the Federal Rules of Civil Procedure, and the Bible.  (*See generally* Doc. 1.)  That stated, the facts, to the extent the Court is able to discern them, seem to relate to Kanas state court family law/child support proceedings from Shawnee County, Kansas.  (*Id.*, at 9.)

As an initial matter, in the case caption, Plaintiff lists "Lori Yockers dba Hearing Officer/Pro Tem [sic] Judge, Marcie Martinez: dba DCF Director, Tonya Keys: dba DCF Deputy Secretary, STATE OF KANSAS SECRETARY SOCIAL AND REHABILITATION SERVICES FOR CHILDREN/FAMILIES MAXIMUS, Ex Rel Natasha Newman."  (Doc. 1, at 1.)  On page 9 of the Complaint, however, Plaintiff states that he is suing "Judge Yockers dba Hearing Officer for

the Shawnee County District Court, Marcie Martinez dba Director of DCF, Tonya Keys dba Deputy

Secretary DCF, State of Kansas Secretary for Social and Rehabilitation Services, Young Williams,

and Maximus." (*Id.*, at 9.)  To the extent Plaintiff is trying to sue Martinez, Keys, Young Williams,

Natasha Newman, and/or Maximus, there are no factual allegations pled against these individuals in

Plaintiff's Complaint.  (*See generally id.*)  The Court, therefore, **recommends** that these individuals be

**DISMISSED** from this lawsuit.

 The Court next turns to Plaintiff's claims against "the State of Kansas Secretary of Social and

Rehabilitative Services for Children/Families."  The correct name of the state agency is the Kansas

Department for Children and Families ("DCF").  Regardless, the Eleventh Amendment to the

United States Constitution grants immunity that "accord[s] states the respect owed them as joint

sovereigns[,]" and "applies to any action brought against a state in federal court, including suits

initiated by a state's own citizens." *Farr v. United States Government*, NO. 22-2476-DDC-GEB, 2023

WL 4286115, *4 (citing *Steadfast Ins. v. Agric. Ins.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (so finding as

to defendants State of Kansas and the District Court of Sedgwick County, Kansas).  Immunity

under the Eleventh Amendment bars "unconsented suits in federal court against a state and arms of

the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th

Cir. 2009) (citation omitted).  Here, the DCF is an arm of the State of Kansas.  Thus, this agency is

immune from suit unless some exception to its Eleventh Amendment immunity applies.  Plaintiff

has not included allegations in his Complaint that would establish any such exception.  The Court,

therefore, **recommends** that Plaintiff's claims against the DCF be **DISMISSED**.

 This leaves Plaintiff's claims against Judge Yockers.  Plaintiff initially indicates "Title 18 USC

241-242 Suit for conspiracy against rights, and deprivation of rights under color of law." (Doc. 1, at

9.)  The Court notes that these are criminal statutes, which do not provide for a private cause of

action. *Yankey v. Kansas Bureau of Investigation, et al.*, 22-1041-JAR-JPO, 2022 WL 575365 *2 (D. Kan.

Feb. 25, 2022) (so holding as to civil claim brought for violation of 18 USC 241).  Plaintiff then lists

14 Counts he is attempting to bring:

      Count 1. Mental Anguish (Including Stress) $1,000,000

      Count 2. § 41, Extortion and Threats $10,000.00

      Count 3. Theft of Funds/Reimbursement $15,000.00

      Count 4. Postage and Response $700.50.

      Count 5. Order of Support on Consent Not Certified $200,000.00

      Count 6. Support obligation Summary Not Certified $200,000.00

      Count 7. Labor and Time $2,675.00

      Count 8. False Assertions $200,000.00

      Count 9. Misleading Information $200,000.00

      Count 10. No Sworn Affidavit of Support $200,000.00

      Count 11. No Commercial Affidavit in Support $200,000.00

      Count 12. No Signature for Order of Support on Consent $200,000.00

      Count 13. Documents Lack Affiants Signature $200,000.00

      Count 14. Documents Lack Affiants Seal $200,000.00

(Doc., 1 at 9.)  Counts 1 and 3-14 should be categorized as categories of damages rather than legal

theories of recovery.  Count 2, however, "§ 41, Extortion and Threats," is criminal in nature and

relates to hunting, fishing, and trapping on wildlife refuges, which is inapplicable here. *Yankey,* 2022

WL 575365 *2.  To the extent Plaintiff meant to refer to § 241, that is also criminal in nature and,

thus, inapplicable.  *Id.*

      Plaintiff then enumerates the following:  "FDCPA Violations. To be determined; Filing of

UCC 1 Financing Statement. To be determined; Executor DEI SON TORT. To be determined."

(*Id.*)  There is nothing in Plaintiff's Complaint indicating how such theories of recovery would

potentially relate to the allegations contained in the Complaint.  Simply stated, Plaintiff has plead no facts to support these claims and, thus, the Court **recommends** that they be **DISMISSED**.

Finally, because Plaintiff's claims against Defendant Yockers relate to Kanas state court family law/child support proceedings that were adjudicated in the District Court of Shawnee County, Kansas, this Court does not have subject matter jurisdiction over such claims.  Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court.  *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).  "The law does not allow Plaintiff to ignore state court procedures and remedies and collaterally attack state court rulings by filing a case in federal district court." *Amack v. Young Williams PC*, No. 21-4054, 2021 WL 6802807, at *2 (D. Kan. Sept. 20, 2021), *report and recommendation adopted*, No. 21-4054, 2022 WL 326357 (D. Kan. Feb. 3, 2022).[2]

The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

**IT IS THEREFORE ORDERED** that Plaintiff's IFP Application (Doc. 2-1 ) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as he failed to state a claim upon which relief may be granted as discussed above.  The Clerk's office shall not proceed to issue summons in this case.

---

[2] The Court notes that Plaintiff has filed a Notice of Removal (Doc. 6), to which there are no state court records or filings attached.  The removal notice does not, however, impact the Court's analysis herein.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED**.

Dated at Wichita, Kansas, on this 6th day of December, 2023.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge